IN THE CIRCUIT COURT FOR THE FIFTH JUDICIAL CIRCUIT COURT
IN AND FOR HERNANDO COUNTY, FLORIDA
CIVIL DIVISION

Pamela Marie Miller,

v.

Ann Marie Van Horn,
Jeremiah John Paul Stinson, and
Geico General Insurance Company

Case No.: 18000068C AAXMX
Division:

      Defendants.
_____/

### Plaintiff's First Complaint

Comes now, the Plaintiff, Pamela Marie Miller, by and through the undersigned attorney and sues the defendants, Ann Marie Van Horn, and Jeremiah John Paul Stinson, and Geico General Insurance Company and alleges:

### General Allegations

1. This is an action for damages in excess of $15,000.

2. At all times material herein, the plaintiff, Pamela Marie Miller, lived in Spring Hill and was a resident of Hernando County, Florida.

3. At all times material herein, the defendant, Ann Marie Van Horn, was a resident of Hernando County, Florida.

4. At all times material herein, the defendant, Jeremiah John Paul Stinson, was a resident of Hernando County, Florida.

5. At all times material herein, Defendant, Geico General Insurance Company, is a corporation doing business in the State of Florida as an insurance company and has business offices for the transaction of its customary business in County, Florida.

6. On or about November 18, 2016, Plaintiff, Pamela Marie Miller, was operating a 2012 Chevrolet Equinox, and was traveling on Linden Drive at or near the intersection of Drysdale St, in Hernando County, Florida.

7. At that time and place, Defendant, Jeremiah John Paul Stinson, was operating a 2005 Mercury Sable, identified by VIN# 1MEFM50205A628699, and was traveling SOUTH ON Linden Dr at or near the intersection of Drysdale St, in Hernando County, Florida.

8. At that time and place, the above referenced 2005 Mercury Sable, was owned by Defendant, Ann Marie Van Horn.

9. At that time and place, Defendant, Jeremiah John Paul Stinson, had the express permission of Defendant, Ann Marie Van Horn, to operate the above referenced 2005 Mercury Sable.

10. At that time and place, Defendant, Jeremiah John Paul Stinson, negligently operated or maintained the motor vehicle so that it collided with the plaintiff's motor vehicle.

11. Specifically, Defendant, Jeremiah John Paul Stinson, failed to utilize due care when he negligently rear ended Pamela Marie Miller's vehicle while she was stopped waiting to make a left turn onto Drysdale St.

12. At that time and place, Defendant, Jeremiah John Paul Stinson, was an uninsured motorist as that term is defined in the Florida Statutes and in the attached insurance policies.

**Count I – Negligence Claim Against Jeremiah John Paul Stinson**

13. Plaintiff realleges and incorporates into this Count all of the paragraphs of the "General Allegations" of this Complaint as if the same were more specifically set forth herein, and further alleges:

14. Defendant, Jeremiah John Paul Stinson, had a duty to use reasonable care in the operation of the subject motor vehicle.

15. Defendant, Jeremiah John Paul Stinson, breached that duty in one or more of the following ways:

    a. Driving carelessly;

    b. Becoming distracted by engaging in other activities;

    c. Failing to give due regard in attention to all attendant circumstances, including the roadway and all traffic within his/her zone of risk;

    d. Failing to keep a proper lookout;

    e. Driving at an excessive speed for the roadway conditions; and

    f. Otherwise being negligent in the operation of a motor vehicle.

16. As a direct and proximate result of the negligence of the defendant, Jeremiah John Paul Stinson, the plaintiff, Pamela Marie Miller, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental pain and anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

Wherefore, the plaintiff, Pamela Marie Miller, sues the defendant, Jeremiah John Paul Stinson, and demands judgment for damages in an amount exceeding Fifteen Thousand Dollars, exclusive of costs, against the defendant, and demands a trial by jury.

### Count II – Vicarious Liability Claim Against Ann Marie Van Horn

17. Plaintiff realleges and incorporates into this Count all of the paragraphs of the "General Allegations" and those of Count I of this Complaint as if the same were more specifically set forth herein, and further alleges:

18. The motor vehicle owned by Defendant, Ann Marie Van Horn, was a dangerous instrumentality under Florida law, and was permissively operated by Defendant, Jeremiah John Paul Stinson.

19. Because the subject motor vehicle was a dangerous instrumentality, Defendant, Ann Marie Van Horn, is vicariously liable for all of the damages caused by the negligence of Defendant, Jeremiah John Paul Stinson, in the operation of the subject motor vehicle.

20. Defendant, Jeremiah John Paul Stinson, had a duty to use reasonable care in the operation of the subject motor vehicle.

21. Defendant, Jeremiah John Paul Stinson, breached that duty in one or more of the following ways:

    a. Driving carelessly;

    b. Becoming distracted by engaging in other activities;

    c. Failing to give due regard in attention to all attendant circumstances, including the roadway and all traffic within his/her zone of risk;

    d. Failing to keep a proper lookout;

    e. Driving at an excessive speed for the roadway conditions; and

    f. Otherwise being negligent in the operation of a motor vehicle.

22. As a direct and proximate result of the negligence of the defendant, Jeremiah John Paul Stinson, the plaintiff, Pamela Marie Miller, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental pain and anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of

ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

Wherefore, the plaintiff, Pamela Marie Miller, sues the defendant, Ann Marie Van Horn, and demands judgment for damages in an amount exceeding Fifteen Thousand Dollars, exclusive of costs, against the defendant, and demands a trial by jury.

### Count III – Uninsured Motorist Claim Against Geico General Insurance Company

23. Plaintiff realleges and incorporates into Count III all of the paragraphs of the "General Allegations" of this complaint as if the same were more specifically set forth herein, and further alleges:

24. Uninsured Defendant, Jeremiah John Paul Stinson, had a duty to exercise due care in the operation of the motor vehicle.

25. At the time of the accident, uninsured Defendant, Jeremiah John Paul Stinson, breached that duty in one or more of the following ways:

   a. Driving carelessly;

   b. Becoming distracted by engaging in other activities;

   c. Failing to give due regard in attention to all attendant circumstances, including the roadway and all traffic within his/her zone of risk;

   d. Failing to keep a proper lookout;

   e. Driving at an excessive speed for the roadway conditions; and

   f. Otherwise being negligent in the operation of a motor vehicle.

26. At that time and place, uninsured Defendant, Jeremiah John Paul Stinson, negligently and carelessly operated and maintained the motor vehicle was operating such that it collided with the vehicle Plaintiff was operating.

27. As a direct and proximate result of the negligence of the uninsured defendant, Jeremiah John Paul Stinson, the plaintiff, Pamela Marie Miller, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental pain and anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

28. At all times material herein, Plaintiff was insured under a policy of motor vehicle insurance issued by Defendant, Geico General Insurance Company, and said policy provided uninsured motorist coverage, bearing policy number [1]. A Declaration Page evidencing such coverage is attached hereto as Exhibit "A", and made a part this Complaint.

29. The total of all bodily injury liability insurance available as a result of the subject incident is less than the damages sustained by the plaintiff.

30. Plaintiff has complied with all conditions precedent to the contract for policy number [1].

31. The policy contract represents the entire agreement by the parties, including the rights and responsibilities of all parties in the resolution and settlement of accident-related claims.

32. Plaintiff, Pamela Marie Miller, is an insured person, entitled to benefits under the Uninsured Motorist portion of the policy.

Wherefore, Plaintiff, Pamela Marie Miller, sues Defendant, Geico General Insurance Company, and demands judgment for damages in an amount exceeding Fifteen Thousand Dollars, exclusive of costs, against the defendant, and demands a trial by jury.

---

[1] Plaintiff's policy number has been redacted pursuant to Fla. R. Jud. Admin. 2.425(a)(4)(H) which provides that designated sensitive information filed with the court must be limited to "[t]he last four digits of any . . . insurance policy account number".

### NOTICE OF DESIGNATION OF PRIMARY E-MAIL ADDRESS
### FOR SERVICE BY ELECTRONIC MAIL

The law firm of Kemp, Ruge and Green files this appearance as attorney of record for Plaintiff, , in the above-styled cause, and pursuant to F.R.J.A. 2.516, designates the following e-mail address for service by electronic mail: service@kemprugegreen.com

Respectfully submitted,

*Stacy Kemp*
STACY KEMP, ESQUIRE
FBN: 0050914
2049 Welbilt Boulevard
Trinity, FL 34655
Phone: (727) 846-0028 Fax: (727) 375-7300
service@kemprugegreen.com
ATTORNEY FOR PLAINTIFF